The Honorable Andrea Lea State Representative Post Office Box 1342 Russellville, Arkansas 72811-1342
Dear Representative Lea:
You have asked for my opinion about whether a certain person can attend executive sessions under the Arkansas Freedom of Information Act (FOIA). You explain that an unnamed "public board that falls under A.C.A. § 25-19-106" employs a "general manager" who is "the top day to day administrator for the board who carries out the board's directives." You ask "whether A.C.A. § 25-19-106(c)(2), or some other law, [1] allows the general manager to . . . attend an executive session of the board . . . [that was called] to consider . . . [appointing] a director" who, after being appointed, "is the employment supervisor and job reviewer of the general manager."
RESPONSE
The FOIA explains that, apart from the governing body,only three categories of people can attend an executive session. The first category is for "the person *Page 2 
holding the top administrative position in the public agency, department, or office involved."[2] According to your background facts, the "general manager" (GM) you refer to is the person holding the "top administrative position" in this public entity. If that is true (which I have no way of knowing), then the GM is not barred from attendance.
Your question seems to be concerned not so much with the foregoing rule that the GM can be present at executive sessions consideredgenerally, but with whether the GM can be present at aparticular kind of executive session, namely one that is called to discuss appointing someone to a position that is superior to the GM. Given the language of the FOIA quoted above, that concern is unfounded, in my opinion. There is no exception in the language quoted above that blocks the "top administrat[or]" from attending the closed meeting if that meeting will discuss a position superior to the top administrator.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General DM/RO:cyh
[1] I cannot address whether "some other law" than the FOIA addresses your question because, in order to address this part of your question, I would have to know what kind of "board" you are asking about. Some public entities have specific statutes that add more specific rules than the FOIA about (1) what kinds of meetings can be closed and (2) who can attend those meetings. Seegenerally, Op. Att'y Gen. 2005-269; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (Arkansas Law Press, 5th ed., 2009), at 333 ("If an executive session is held pursuant to a particular statute rather than the FOIA's personnel provision, the governing body may in its discretion allow others to attend, unless the statute limits that discretion.").
[2] A.C.A. § 25-19-106(c)(2)(A) (Supp. 2011). *Page 1